IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICK R. SIMS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-2359 |
| | § | |
| SHARON GAMBLE, *et al.*, | § | |
|     Defendants. | § | |

# MEMORANDUM AND ORDER

Plaintiff Rick R. Sims proceeds *pro se* and complains that his application for housing development financing in Bryan, Texas, was denied. Plaintiff originally brought this lawsuit in the Western District of Louisiana. He sues four Defendants: Sharon Gamble and Marni Holloway, both employees of the State of Texas; the City of Bryan, Texas; and Alsie Bond, an employee of the City of Bryan. On June 9, 2017, while the case was pending in Louisiana, Defendants Gamble and Holloway filed a Motion to Dismiss [Doc. # 13] ("State Defendants' Motion"). Defendants City of Bryan and Bond filed a Motion to Dismiss [Doc. # 20] on June 29, 2017, and, after the case was transferred from the Western District of Louisiana to this Court, filed a renewed Motion to Dismiss [Doc. # 29] ("Bryan Defendants Motion"). Plaintiff has not responded to any of the Motions, and the time to do so has expired. The Motions now are ripe for consideration. Having considered the parties' submissions, all

matters of record, and applicable legal authorities, the Court determines that the Motions to Dismiss should be **granted** and Plaintiff's claims should be dismissed with prejudice. In addition, Plaintiff's "Motion for Leave to File Amended Complaint and Motion to Transfer to Multidistrict Litigation" [Doc. # 18] will be **denied** as futile and the Bryan Defendants' Unopposed Motion to Stay Discovery [Doc. # 30] will be **denied** as moot.

I. **BACKGROUND**

On March 1, 2017, Plaintiff submitted an application to the Texas Department of Housing and Community Affairs ("TDHCA") for a Competitive Housing Tax Credit. First Amended Complaint [Doc. # 3] ("Complaint"), at 7, ¶¶ 39, 44; State Defendants' Motion, at 1-2 & nn. 1 & 2. Plaintiff's application pertained to Arlinda Gardens, a proposed low-income housing project in Bryan, Texas, for which Plaintiff identifies as a "potential resident." Complaint, at 7, ¶ 39. Plaintiff claims affiliation with a nonprofit organization that seeks to provide housing for low-income residents. *Id.* at 5-6, ¶¶ 25-26.

Defendant Gamble was Administrator of the Competitive Tax Credit Program for TDHCA, and Defendant Holloway was TDHCA's Director of Multi-Family Finance. On March 16, 2017, Plaintiff received an email from Gamble notifying him that Holloway had terminated his funding application. *Id.* at 7, ¶ 44. Plaintiff states

that the termination notice identified deficiencies in the application, including that his nonprofit organization did not qualify as a Community Housing Development Organization under relevant law and that Plaintiff did not report a particular school in the area as a "negative site characteristic." *Id.* at 7-8, ¶ 45. Defendants have supplied the Termination Letter, which lists the above deficiencies in addition to multiple others. *See* Letter from TDHCA to Plaintiff, dated March 15, 2017 (Exhibit A to State Defendants' Motion, at 13-15) ("Termination Letter").

Immediately on March 16, Plaintiff submitted a request to Gamble for a "reasonable accommodation." He informed Gamble that the deficiencies in his application were "due to my [Attention Deficit Hyperactivity Disorder ("ADHD")] and that this disorder causes me to have concentration problems and the [sic] hinders my attention to details." Complaint, at 4, ¶ 11. He alleges that he also submitted a request for "reasonable accommodation" on March 20, and that Gamble denied the request on March 22. *Id*. at 9, ¶¶ 55, 57. The State Defendants claim, and Plaintiff does not dispute, that TDHCA provided Plaintiff with an extension of time and "detailed information on how to fix his application." State Defendants' Motion, at 15. *See* Complaint, at 4, ¶ 11 ("I received an email correspondence" from Gamble stating "that 'TDHCA would like to extend an offer in submitting an appeal of the termination of the application'"). Defendants also have supplied a letter from

TDHCA to Plaintiff denying his appeal of the termination. *See* Letter from TDHCA to Plaintiff, dated April 11, 2017 (Exhibit A to State Defendants' Motion, at 48-51) ("Appeal Letter"). The Appeal Letter states that Plaintiff had failed to address most of the deficiencies in the Termination Letter, and recites the assistance and instruction supplied by TDCHA for Plaintiff. Plaintiff's filings before this Court do not claim to have submitted the documents required by TDHCA, nor do they address the Appeal Letter.

Plaintiff also alleges that, at some point in the application process, he met with Defendant Bond, the Director of Community Development for the City of Bryan, and that she refused to place his proposal on the City Council's agenda. Plaintiff alleges that he requested "to be placed on the agenda to get the [City Council's] input as required by the ordinance, that any employee can get an item on the agenda according to the city manager[']s procedures." Complaint, at 6-7, ¶ 34. He characterizes his request as one for a "reasonable accommodation" and states that Bond denied the request "with deliberate indifference." *Id.* at 7, ¶¶ 35-36.

On March 23, 2017, Plaintiff filed this suit in the Western District of Louisiana, where he apparently now resides. On August 1, 2017, the Hon. Mark L. Hornsby, United States Magistrate Judge, transferred venue to this Court. Memorandum Order [Doc. # 25]. Judge Hornsby's order partially granted relief requested by Defendants

in their Motions to Dismiss, which remain pending before this Court.

Plaintiff has filed three previous lawsuits against TDCHA and its employees regarding past denials of his applications for tax credits. *See Sims v. Tex. Dep't of Hous. & Cmty. Affairs*, No. 1:16-CV-906-LY, 2016 WL 6834023 (W.D. Tex. Nov. 18, 2016) (Austin, M.J.); *Sims v. Tex. Dep't of Hous. & Cmty. Affairs*, No. 4:07-CV-4511, 2008 WL 4552784 (S.D. Tex. Oct. 7, 2008) (Froeschner, M.J.); *Sims v. Tex. Dep't of Hous. & Cmty. Affairs*, No. 4:05-CV-2842, 2005 WL 3132184 (S.D. Tex. Nov. 21, 2005) (Rosenthal, J.). In all three cases, Plaintiff's claims were dismissed under Rule 12 for lack of subject matter jurisdiction or failure to state a claim upon which relief could be granted. In the case at bar, unlike his previous suits, Plaintiff has added the Bryan Defendants and claims standing as a potential resident of Arlinda Gardens.

## II. RULE 12 STANDARDS

### A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (internal citation and quotation marks omitted). "In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to

satisfy itself that it has the power to hear the case." *Id.* (internal citation and quotation marks omitted). When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "Under Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (internal citation, alteration, and quotation marks omitted). The Court must take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Id.*

### B. Rule 12(b)(6)

Traditionally, courts view with disfavor a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.

2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Harrington*, 563 F.3d at 147. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to a claim to relief. *Iqbal*, 556 U.S. at 679. This determination of plausibility is a context-specific task that requires the court to draw on its judicial experience and common sense. *Id.*

In considering a motion to dismiss, a court ordinarily must limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Documents "that a defendant attaches to a motion to dismiss are [also] considered part

of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499. These presumably are documents whose authenticity no party questions. *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

A document filed by a *pro se* party must be "liberally construed" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). *See* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"); *Hood v. Pope*, 627 F. App'x 295, 299 n.7 (5th Cir. 2015).

### III.   ANALYSIS

Plaintiff brings claims under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"); the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*; the Americans with

Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); and the Equal Protection Clause of the Fourteenth Amendment. The State Defendants seek dismissal based on sovereign immunity. All Defendants urge dismissal for failure to state a claim upon which relief can be granted.

Plaintiff has not responded to the Motions to Dismiss. In June, while the case was still pending in Louisiana, he filed his "Motion for Leave to File Amended Complaint and Motion to Transfer to Multidistrict Litigation" [Doc. # 18], which attached a proposed second amended complaint. On August 2, 2017, after transfer to this Court, Plaintiff filed a consent to proceed before a magistrate judge, but has filed no other document. The Court will construe Plaintiff's request to amend pleadings (including the proposed second amended complaint) as opposition to the Motions to Dismiss, but reiterates that the Motions otherwise are unopposed.

### A. Sovereign Immunity

Defendants Gamble and Holloway, who are employees of TDHCA, seek dismissal of all claims against them based on the Eleventh Amendment. Plaintiff states that he sues Gamble and Holloway "in their individual capacities" for failure to carry out their official job duties for TDCHA. *See* Complaint, at 2, ¶ 3 (Gamble and Holloway are "sued in their individual capacities as Director of Multi Family Finance and Administrator of the Competitive Tax Credit program [and] as such it is

their duty [to ensure] that federal funded programs are administered in accordance to federal laws").

Claims against state employees in their official capacity are effectively claims against the State of Texas. *See NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393 (5th Cir. 2015); *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F. 3d 625, 630 (5th Cir. 2011). TDCHA is a state agency. *See* TEX. GOV'T CODE § 2306.001 *et seq.* (provisions authorizing and governing TDCHA). Federal courts lack subject-matter jurisdiction over suits against a State for money damages unless the State has waived its immunity or Congress has clearly abrogated that immunity. *NiGen*, 804 F.3d at 393-94; *Moore v. La. Bd. Of Elem. and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

To the extent Plaintiff brings claims against Gamble and Holloway in their official capacity for money damages, his claims for which Congress has not abrogated Texas' immunity are barred by the Eleventh Amendment, and this Court lacks subject matter jurisdiction. *See*, *e.g.*, *NiGen*, 804 F.3d at 394 (Section 1983 claims). In any event, all of Plaintiff's claims are subject to dismissal under Rule 12(b)(6), as stated below, because Plaintiff has failed to state a claim upon which relief can be granted.

B.   **ADA Claim**

Plaintiff brings suit under Sections 12203(b) and 12132 of the ADA, 42 U.S.C. §§ 12132 & 12203(b). Title II of the ADA prohibits discrimination in public services. Section 12132, which is part of Title II, protects a "qualified individual with a disability":

> . . . . [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Section 12203, also invoked by Plaintiff, states that it is "unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of" the individual's rights under the ADA. 42 U.S.C. § 12203(b).

Plaintiff alleges that Defendants violated Section 12132 by "excluding persons with disabilities from participating in and denying them the benefits of services, programs, or activities of" the TDHCA. Complaint, at 3, ¶ 8. He alleges that the City of Bryan failed to make reasonable modifications in its policies and procedures that excluded persons with disabilities from TDHCA programs. *Id.* He further alleges that Defendants coerced, intimidated, threatened, and interfered with his rights under the ADA. *Id.*

Plaintiff has not sufficiently pleaded that he is a "qualified individual with a disability" under the ADA. The ADA's definition requires that the individual (1) have a disability as defined by the ADA, and (2) meet "the essential eligibility requirements" of the relevant program. 42 U.S.C. § 12131(2). Even if the Court were to assume Plaintiff's ADHD qualifies as a disability under the ADA,[1] Plaintiff's claim would fail because he has failed to allege that he is a "qualified person" with a disability. Plaintiff does not claim to have completed the required application materials for TDHCA funding, and thus has not alleged that he satisfied the "essential eligibility requirements" of the TDHCA program, as required by Section 12131(2). Rather, Plaintiff asserts merely that he had "informed" Gamble that his application deficiencies were due to his ADHD, and that Gamble offered him an extension of time to appeal the termination. Complaint, at 4, ¶ 11. Plaintiff does not claim that he later submitted the documents required by TDHCA, nor does he address the Appeal Letter, which demonstrates that TDHCA carefully considered the materials he had submitted.

---

[1] A disability is "a physical or mental impairment that substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1)(A). The statute defines a "major life activity" as including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id*. § 12102(2)(A). Merely having an impairment does not qualify an individual as disabled under the ADA. *EEOC v. Chevron Phillips Chem. Co*., 570 F.3d 606, 614 (5th Cir. 2009).

*See* Termination Letter; Appeal Letter.[2]

In addition, Plaintiff has not sufficiently pleaded that he was denied TDHCA services "by reason of" his ADHD, as required by Section 12132. To the contrary, the Termination Letter and Appeal Letter list multiple valid reasons for the termination.

Finally, regarding Section 12203, Plaintiff has alleged no facts supporting his conclusory statement that Defendants coerced, intimidated, threatened, or interfered with his rights. Plaintiff's conclusory statements are insufficient under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678.

Plaintiff's claims under the ADA are dismissed.

### C. Rehabilitation Act Claim

Plaintiff brings suit under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Section 504 provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the

---

[2] The Court may consider these documents, attached to the State Defendants' Motion, as part of its adjudication under Rule 12(b)(6). Documents "that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 498-99 (internal quotation marks and citations omitted). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499. In this case, Defendants supplied documentation of the process about which Plaintiff complains in his pleadings.

benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). *See Taylor v. City of Shreveport*, 798 F.3d 276, 283 (5th Cir. 2015). The relevant definition of qualified "individual with a disability" is the same as the ADA's definition. *See* 29 U.S.C. § 705(20) (incorporating definition from 42 U.S.C. § 12102).

Plaintiff alleges that Defendants violated Section 504 when they terminated his application on the basis of his disability. Complaint, at 3, ¶ 6. The reasoning on this claim is the same as that on his ADA claim. Even assuming that Plaintiff has pleaded a "disability" under the ADA based on ADHD, his claim nevertheless fails because any denial by Defendants was not based on that condition. *See* 29 U.S.C. § 794(a) (prohibiting discrimination "solely by reason of . . . disability"). Rather, as alleged by Plaintiff and confirmed by the Termination Letter, Defendants terminated Plaintiff's application because he had not completed the required paperwork and failed to satisfy multiple program requirements. *See* Termination Letter; Appeal Letter.

Plaintiff's Rehabilitation Claim is dismissed.

**D.  FHA Claim**

Plaintiff brings suit under Sections 3605 and 3617 of the FHA, 42 U.S.C. §§ 3605 & 3617. Section 3605(a) prohibits "any person or other entity whose

business includes engaging in residential real estate-related transactions" from discriminating "against any person in making available such a transaction. . . because of race, color, religion, sex, handicap, familial status, or national origin." A "residential real estate-related transaction" includes making or purchasing loans or other financial assistance for purchase or construction of a dwelling. 42 U.S.C. § 3605(b)(1). *See Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. and Cmty. Affairs*, 747 F.3d 274, 278 (5th Cir. 2014). Plaintiff alleges that the State Defendants violated Section 3605 when they terminated his application for a tax credit, "ma[de] such a transaction unavailable" because of his ADHD, and failed to provide a reasonable accommodation for his ADHD. Complaint, at 3, ¶ 6. Plaintiff also alleges that Defendants violated Section 3617, which makes it unlawful to "coerce, intimidate, threaten, or interfere" with any person exercising certain rights under the FHA, including rights under Section 3605. 42 U.S.C. § 3617. *See* Complaint, at 3, ¶ 7.

Defendants argue that Plaintiff lacks standing to bring claims under the FHA because he is a real estate developer in the potential transaction, rather than a resident. Plaintiff's FHA claims in his previous suits have been dismissed on this ground. *See Sims*, 2016 WL 6834023, at *3 & n.3 (dismissing FHA claim under Section 3605 for lack of standing); *Sims*, 2005 WL 3132814, at *3 (dismissing FHA claim under

Section 3604 for lack of standing). Plaintiff attempts to clear this hurdle by claiming that he is a "potential resident" of his proposed project. Complaint, at 5, ¶ 21.[3]

Even assuming Plaintiff could satisfy the FHA's standing requirement, he clearly has failed to state a claim. As with his previous claims, he does not sufficiently allege that Defendants discriminated against him "because of" his ADHD, *see* 42 U.S.C. § 3605(a), given his acknowledgment that Defendants granted him an extension of time and that he failed to complete the necessary paperwork. Plaintiff also has failed to allege specific facts that could state a claim or coercion, intimidation, threats, or interference under Section 3617.

Plaintiff's FHA claims are dismissed.

### E. Equal Protection Claim

Plaintiff brings a claim under the Equal Protection Clause of the Fourteenth Amendment for the termination of his funding application. Complaint, at 2; *id*. at 3, ¶ 9 (alleging that Holloway acted "under the color of law" when she terminated his application). The Court construes his Equal Protection claim as brought under 42 U.S.C. § 1983. An Equal Protection claim may be "brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others

---

[3] Courts have permitted FHA claims by developers who allege discrimination against the project's future residents. *See Artisan/American Corp. v. City of Alvin*, 588 F.3d 291(5th Cir. 2009); *L&F Homes and Dev't., LLC v. City of Gulfport, Miss.*, 538 F. App'x 395, 400 (5th Cir. 2013).

similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). *See L&F Homes*, 538 F. App'x at 402.

Plaintiff's pleadings do not allege differential treatment for which there is "no rational basis." *See Olech*, 528 U.S. at 564. Rather, his pleadings allege, and the documents essential to his claim demonstrate, that Defendants denied his application because he had not completed the necessary documents. *See* Complaint, at 5-6 ¶ 26; *id*. at 7-8 ¶ 45; Termination Letter; Appeal Letter.

Plaintiff's Equal Protection claim is dismissed.

### F. Other Pending Motions

On June 21, 2017, while the case was pending in Louisiana, Plaintiff filed a Motion for Leave to File Amended Complaint and Motion to Transfer to Multidistrict Litigation [Doc. # 18]. Plaintiff stated that the proposed amendment "accounts for significant factual procedural developments" that had occurred since his original complaint. Defendants oppose the motion. *See* Docs. # 23, # 24. The Court carefully has reviewed the proposed amended pleadings, and finds no allegation that would alter its conclusion that Plaintiff's claims must be dismissed under Rule 12. Therefore, Plaintiff's request to amend his pleadings is **denied** as futile. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016); *Duzich v. Advantage Finance*

*Corp.*, 395 F.3d 527, 531 (5th Cir. 2004).

In addition, after transfer to this Court, the Bryan Defendants filed a Motion to Stay Discovery [Doc. # 30]. Given the rulings above, this motion is **DENIED** as moot.

IV. **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 13] filed by Defendants Gamble and Holloway is **GRANTED**. It is further

**ORDERED** that the Motion to Dismiss [Doc. # 29] filed by Defendants Bond and City of Bryan is **GRANTED**. The Bryan Defendants' previous Motion to Dismiss [Doc. 20], to the extent not granted herein or granted by the Western District of Louisiana, is **denied as moot**. It is further

**ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint and Motion to Transfer to Multidistrict Litigation [Doc. # 18] is **DENIED** as futile. It is finally

**ORDERED** that the Bryan Defendants' Motion to Stay Discovery [Doc. # 30] is **DENIED as moot**.

A separate final judgment will issue.

SIGNED at Houston, Texas, this **17**th day of **January, 2018**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE